IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK STONE, #701929, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:24-cv-577-S-BN |
| WAXAHACHIE PAROLE DIVISION, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Frederick Stone, an inmate at the Ellis County jail, filed a *pro se* application for a writ of habeas corpus, asserting that the failure to hold a hearing on a parole revocation warrant is preventing his release. *See* Dkt. No. 3 ("Petitioner has been incarcerated on a blue warrant over 120 days without a final revocation hearing."); *see also Kirby v. Cockrell*, No. 4:01-cv-876-A, 2002 WL 1285489, at *1 n.1 (N.D. Tex. June 5, 2002) ("A 'blue warrant' is an arrest warrant issued when a parolee is suspected of violating the conditions of his parole." (citing TEX. GOV'T CODE ANN. § 508.252; *Franklin v. Kyle*, 899 S.W.2d 405, 406 n.1 (Tex. App. – Waco 1995, no pet.))).

The presiding United States district judge referred Stone's filing to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a panel of the United States Court of Appeals for the Fifth Circuit held that habeas petitions challenging the revocation of parole "sound under [28

U.S.C.] § 2241" because such challenges neither contest "the legality of [a petitioner's] conviction" nor "the validity of his initial sentence." *Richie v. Scott*, 70 F.3d 1269, 1995 WL 696845, at *1 (5th Cir. Oct. 5, 1995) (per curiam) (citations omitted; precedential under Fifth Circuit Local Rule 47.5.3 as an unpublished opinion issued prior to January 1, 1996); *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (observing that, for federal prisoners, "the saving clause ensures that [28 U.S.C.] § 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*'"; for example, "that he has unlawfully been denied parole or good-time credits" (emphasis in original; citation omitted)).

But, after the enactment of AEDPA, at least one subsequent panel of the Fifth Circuit considered a parole revocation habeas challenge under 28 U.S.C. § 2254. *See Alexander v. Johnson*, 163 F.3d 906, 907-09 (5th Cir. 1998) (first considering that, "the basis for the exhaustion doctrine codified in AEDPA is comity," then holding that the district court should have dismissed the petition without prejudice as unexhausted: "Alexander has not requested habeas relief from Texas courts on the ground that the stalking statute which apparently served as the basis for his parole revocation is unconstitutional. Nor has he demonstrated that there is no available corrective process in the state courts or that there are circumstances that render such process ineffective.").

Regardless, "[a]lthough § 2241 contains no exhaustion requirement, [the Fifth Circuit] requires that a petitioner seeking relief under § 2241 first exhaust his state remedies." *Richie*, 1995 WL 696845, at *1 (citing 28 U.S.C. § 2241(c)(3); citation

omitted); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

And Stone alleges neither that – prior to seeking federal habeas relief – he challenged his parole revocation claims in state court in a procedurally correct manner, by presenting them to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas petition, *see* Dkt. No. 3 at 4-6; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986), nor "that there is no available corrective process in the state courts or that there are circumstances that render such process ineffective," *Alexander*, 163 F.3d at 908; *see also Campos v. Johnson*, 958 F. Supp. 1180, 1186 (W.D. Tex. 1997) ("In Texas, a state prisoner has available habeas corpus relief through Article 11.07 of the Texas Code of Criminal Procedure as a means of collaterally attacking his conviction or any improprieties with regard to his parole revocation. The Texas courts routinely review complaints about defects in parole-revocation proceedings presented through applications for state habeas corpus relief." (citations omitted)).

So, to the extent that Stone's filing in federal court should be construed as a habeas application, it should be dismissed without prejudice as unexhausted.

But the undersigned also observes that Stone may seek relief that does not sound in habeas. For example, Stone's filing could be construed as requesting a final revocation hearing. *See* Dkt. No. 3 at 6 (claiming that the lack of a final hearing has denied him due process). And, even if that relief is granted, holding a hearing alone

would not "necessarily spell speedier release," so such relief does not lie "at 'the core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Ands "[w]here the prisoner's claim [against a state actor] would not 'necessarily spell speedier release,'" "suit may be brought under [42 U.S.C.] § 1983." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Dotson*, 544 U.S. at 82); *see also Tamayo v. Perry*, 553 F. App'x 395, 400 (5th Cir. 2014) (per curiam) ("[T]he principle that the only action available to a prisoner to challenge any aspect of his conviction or sentence was the habeas process under 28 U.S.C. § 2254 and related statutes" "[a]rguably no longer applies in cases … that do not directly challenge the conviction but instead challenge something that does not 'necessarily imply the unlawfulness of the State's custody.'" (quoting *Skinner*, 562 U.S. at 525)).

In *Skinner*, the United States Supreme Court, "adhering to" *Dotson*, held "that a postconviction claim for DNA testing is properly pursued in a § 1983 action," reasoning that "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Skinner*, 562 U.S. at 525.

*Skinner*'s reasoning equally applies to Stone's due process claim: "In no event will a judgment that simply orders [a hearing for Stone] 'necessarily impl[y] the unlawfulness of the State's custody.'" *Id.* (quoting *Dotson*, 544 U.S. at 81); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("As we noted in *Carson v. Johnson*, '[i]f "a favorable determination ... would not automatically entitle [the

prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.' 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Both *Carson* and *Orellana* dealt with parole procedures that, if modified by the courts, would enhance a prisoner's eligibility for release but not compel that result."). *Cf. Parks v. Hinojosa*, No. 4:21-cv-111-O, 2021 WL 1720219, at *5 (N.D. Tex. Apr. 30, 2021) ("Courts have specifically applied *Heck[ v. Humphrey*, 512 U.S. 477 (1994),] in the context of blue warrant detention, holding that '[t]o the extent [a] plaintiff complains that he is being held on an invalid pre-revocation warrant, his claims are in the nature of habeas, not civil rights, and cannot be pursued within [a Section 1983] lawsuit.'" (collecting cases)).

And, if the Court construes Stone's due process claim based on his not receiving a final revocation hearing within 120 days after his arrest – but not challenging the validity of the warrant itself – Stone's Section 1983 claim, as pled, is without merit.

Another judge of the Court explained why in the context of a habeas claim attacking a hearing held more than 120 days after a petitioner's arrest:

> Kirby argues that his revocation hearing was unlawful and void because it was held more than 120 days after he was arrested. He relies on former article 42.18, section 14(a) of the Code of Criminal Procedure for his assertion that the hearing is void if held later than the 120th day after arrest. However, the current version of this statute, which applies to Kirby's December 1, 2000 arrest, provides that a revocation hearing was not required until after the burglary-of-a-habitation conviction was adjudicated. TEX. GOV'T CODE ANN. § 508.282(a)(1)(B). Thus, Kirby's revocation hearing, which was held 18 days after he was convicted of burglary of a habitation, was timely. *Cf. Beck v. Wilkes*, 589 F.2d 901, 903 (5th Cir.) (holding that six-month delay between defendant's arrest and revocation hearing did not violate due process), *cert. denied*, 444 U.S. 845 (1979).

*Kirby*, 2002 WL 1285489, at *3 (citations and footnote omitted).

To sum up, if Stone asserts a habeas claim, it should be denied without prejudice as unexhausted; and, if he asserts a Section 1983 claim based on the delay alleged, it should be denied with prejudice as not plausibly pled.

## Recommendation

The Court should dismiss this lawsuit – without prejudice as unexhausted as to any habeas claims asserted and with prejudice as to the alleged civil rights claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 29, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE